
FILED
SUPERIOR COURT
OF GUAM


2021 JUL -1 PM 3:40

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JANELA BUHAIN CARRERA | **CIVIL CASE NO. CV0333-20** |
| Plaintiff | |
| vs. | **DECISION AND ORDER ON MOTION TO DISMISS** |
| TROY TORRES , KANDIT INC ET AL | |
| Respondents/Defendants. | |

This matter came before the court by telephonic hearing on April 23, 2021 on defendants' a Motion to Dismiss. Present for the Plaintiff was Attorney Vanessa Williams and present for the Defendants was Attorney Gloria Rudolph.

The complaint alleges that Defendant Kandit Inc. publisher of Kandit News group is owned by Defendant Troy Torres. Plaintiff alleges that Defendant Kandit and Defendant Torres "Intentionally advertised and offered , threatened to disclose, and intentionally disclosed" on its webpage an identifiable image of Plaintiff Janella Carrera "in a state of nudity or engaged in sexual contact in which that She had a reasonable expectation of privacy," without her consent. Plaintiff claims that Defendants Kandit and Torres made and posted two videos of her titled "Oh Janella" and "Casinos, bad drugs, devil parents and Janella Carrera." Plaintiff further alleges that on May 27, 2020 a nude and private image was posted on the Facebook page of Kandit news group. As a result of the defendants actions Plaintiff claims damages for the torts of Unauthorized Disclosure of Intimate images, Negligence, Negligent Infliction of Emotional distress, Intentional Infliction of Emotional Distress, Civil Conspiracy and injunctive relief.

Guam law 7 GCA §53103(a) provides:

> Except as otherwise provided in § 53104 of this Chapter, a depicted individual who is identifiable and who suffers harm from a person's intentional disclosure or threatened disclosure of an intimate image that was private without the depicted individual's consent has a cause of action against the person if the person knew or acted with reckless disregard for whether: (1) the depicted individual did not consent to the disclosure; (2) the intimate image was private; and (3) the depicted individual was identifiable .

Disclosure "means transfer, publication, or distribution to another person." 7 GCA § 53102(d).

In response to the complaint Defendant's filed a motion to dismiss claiming immunity from suit pursuant to 47 U.S.C.A  230 (c)(1), the Communications Decency Act ("CDA") which protects the provider or user of an interactive computer device from being  treated as the publisher or speaker of any information provided by another information content provider". The act protects an information content provider from state tort liability if the information was obtained from a different information provider: "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C.A. § 230(c). When Congress passed the CDA, they chose "not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997). The test to be used to determine immunity is outlined by the Ninth Circuit as follows: (1) a provider or a user of an interactive computer service (2) whom plaintiff seeks to treat under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider. " *Barnes v. Yahoo!, Inc.,* 570 F.3d 1096, 1100-01 (9th Cir. 2009).

There is no actionable claim for "summarizing and reporting information obtained from another content provider. " *Sinclair v. TubeSockTedD*, 596 F.Supp.2d 128, 133 (D.D.C. 2009).

An internet service provider is not liable when the underlying tort that formed the basis for the complaint was entirely caused by a third party "rather than originating with the defendant itself." *Doe v. Friendfinder Network*, Inc., 540 F.Supp.2d 288, 295 (D.N.H. 2008). "[T]hose who are in the business of making their facilities available to disseminate the writings composed, the speeches made, and the information gathered by others may also be regarded as participating to such an extent . . . to be regarded as publishers." *Zeran v. America Online, Inc.*, 129 F.3d 327, 332 (citing Restatement (Second) of Torts § 113, at 803).

Plaintiff responded to the motion by pointing out "[n]owhere in the Complaint does Plaintiff allege that Defendants were 'reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content.'" See Opp'n to Def.'s Mot at 14 (Aug. 11, 2020). Rather, Plaintiff asserts the causes of action are based around "[t]heir original creation— a video over one hour long entitled "Oh Janela" — directing thousands of Defendants' followers where to get her intimate images without her consent in order to publicly embarrass, harass and humiliate her." *Id.*

It is true Defendants Kandit Inc. and Torres would be immune if they were reporting on what was published by someone else such as Marianas Dirty Laundry or Alesia Quinata. However it is not clear from the allegations in the complaint that is the case here. In fact Plaintiff alleges that on May 27, 2020 Kandit Inc. and Defendant posted a "nude private image" on their Facebook page and made two videos with her as the subject matter in order to "publicly embarrass, harass and humiliate her." It remains a question of fact where Kandit and Torres obtained the posted images and the materials for the videos. If Kandit and Torres were reporting on what was shown on another page they would be immune but that has not been established at this time. Because there exists a question of fact, the motion to dismiss is denied at this time.

## II. JOINDER OF INDISPENSABLE PARTIES PURSUANT TO GRCC RULE 19

The Court may order the joinder of indispensable parties without a motion. The joinder of parties is governed by Rule 19 of the Guam Rules of Civil Procedure which states, in relevant part: (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties"... GRCP 19. "[T]iming does not bar consideration of the issue [of necessary parties]." *Perez v. Gutierrez*, 2001 Guam 9 ¶ 29. Therefore, "[t]his issue can . . . be raised *sua sponte* . . . including on appeal." *Agana Beach Condominium Homeowners' Association v. Mafnas*, 2013 Guam 9 ¶ 54. *See also McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984). "In fact, both the Guam and Federal Rules of Civil Procedure indicate that a party may be added upon the motion of a party or the court's own motion at any time on such terms as are just. *Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 24. Therefore, the Court may order the joinder of an indispensable party without a motion.

The court believes Marianas Dirty Laundry and Alesia Quinata are indispensable parties to this action because Defendant Torres insinuated that Alesia Quinata and Marianas Dirty Laundry may have been responsible for posting intimate pictures of the plaintiff on the internet. If it can be shown that Marianas Dirty Laundry is the source of the posted images and that Kandit Inc and Troy Torres were merely reporting on what was posted then it may be the current defendants are immune. Plaintiff has thirty days to amend the complaint and add Marianas Dirty Laundry and Alesia Quinata as defendants because without their joinder complete relief cannot be accorded among those already parties. Defendants can file their answer within the time allowed by the rules.

It is so ordered on this 1st day of July, 2021.

**HONORABLE MARIA G. FITZPATRICK**
**Judge *Pro Tempore***
**Superior Court of Guam**